## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| HONEYWELL INTERNATIONAL INC., | ) | |
| | ) | Civil Action No. 16-cv-6828 |
| Plaintiff, | ) | |
| | ) | JURY TRIAL DEMANDED |
| v. | ) | |
| | ) | Judge |
| AUTOMATIC BUILDING CONTROLS, LLC, | ) | Magistrate Judge |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

Plaintiff Honeywell International Inc. ("Honeywell" or "Alerton"), for its Complaint against Automatic Building Controls, LLC ("ABC"), alleges as follows:

### Nature Of The Action

1.      This is an action for declaratory and other relief pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§2201, 2202.  Honeywell seeks a declaration that it is entitled to terminate its Dealership Agreement (as defined below) with ABC.  Honeywell also seeks damages for ABC's failure to us its best efforts to promote the sale of the Alerton products within the sales territory and for ABC's defamation of the Alerton name.

### The Parties

2.      Honeywell International Inc. is a Delaware corporation with its principal place of business in Morris Plains, New Jersey.

3.      Alerton is a Honeywell business within Honeywell's Automation and Control Solutions group.  Alerton is a pioneer and an industry leader in providing building management solutions for heating, ventilation and air-conditioning equipment for all types and sizes of buildings.

4.    ABC is an Illinois limited liability company whose sole member is Totus Group, LLC.  Totus Group is an Illinois limited liability company with its principal place of business in Rolling Meadows, Cook County, Illinois.  Upon information and belief, Totus Group's members are residents of Illinois.

5.    ABC is dealer and provider of building control systems.  ABC has over 35 manufacturer affiliations (*see* http://www.ab-controls.com/affiliates.htm, visited June 29, 2016), and it advertises that its "independence allows us to select the best-of-breed technologies, and leverage those technologies to help our clients keep their facilities efficient and sustainable." *See* http://www.ab-controls.com/aboutus/aboutus.htm, visited June 29, 2016. A copy of these pages from ABC's website is attached as Exhibit A.

### Jurisdiction and Venue

6.    This Court has jurisdiction of this matter pursuant to 28 U.S.C. §1332(a) because there is complete diversity between the parties and the value of the judgment requested exceeds $75,000, exclusive of interest and costs.

7.    This Court has venue of this matter pursuant to 28 U.S.C. §1391(b)(1), (b)(2) because ABC is a resident of this District and because a substantial part of the events or omissions giving rise to this claim occurred in this District.

### Facts Supporting Request for Declaratory Judgment

### The Dealership Agreement

8.    On or about May 6, 2010, Alerton, a Honeywell business, and ABC executed a "Dealership Agreement."  A copy of the Dealership Agreement is attached as Exhibit B.

9.    The Dealership Agreement allows ABC to serve as a non-exclusive dealer of Alerton products.

10.     The Dealership Agreement provides, among other things, that either party is entitled to terminate the agreement "at will, with or without just cause, upon not less than thirty (30) days written notice of such termination."  Dealership Agreement, at Paragraph 8.a.

### Alterton's Termination of the Dealership Agreement

11.     On May 2, 2016, pursuant to the Dealership Agreement, Alerton sent ABC a notice terminating the Dealership Agreement effective July 31, 2016 (the "Termination Notice"). A copy of the Termination Notice is attached as <u>Exhibit C</u>.

12.     Although Alerton was not required to identify why it was terminating the Dealership Agreement, Alerton identified a number of breaches by ABC.  Among other things, as indicated in the Termination Notice, (a) ABC violated the Dealership Agreement by disregarding territory restrictions as provided in Paragraph 3(g), (b) failed to pay invoices within 30 days as required, and (c) breached various other obligations to Alerton including providing requested reports and meeting performance objectives.  *Id*.

13.     Paragraph 8(a) of the Dealership Agreement required thirty days' notice of termination.

14.     Alerton provided ABC more than twice the amount of notice required pursuant to the Dealership Agreement.

15.     ABC responded to the Termination Notice by contesting the validity of the termination, including by claiming that ABC purportedly is an Alerton franchisee.  A copy of communications from ABC and its counsel is attached as <u>Exhibit D</u>.

16.     ABC made matters worse by sending an inflammatory and false communication to customers that defamed the Alerton brand's name and its products (the "Email").  *See* ABC email to its customers attached as <u>Exhibit E</u>.

17.    ABC's objection to the termination is paradoxical because ABC has been planning for termination of the Dealership Agreement for years, as evidenced by the Email.  In ABC's own words, ABC told customers that it had the "long term vision" to convert Alerton customers to the ". . . Distech world by adding a supervisory Jace."

18.    ABC also falsely told its customers that Alerton had a "lack of vision," sold "closed proprietary systems," and a "shortage of innovative products and solutions."  ABC also told its customers that Alerton was "less focused on innovation and more concentrated on immediate dollar results and quarterly earnings."

19.    ABC contests the termination claiming that it is a franchisee entitled to an indefinite "franchise" unless Alerton establishes "good cause" to terminate.  *See* Exhibit D. ABC's counsel also threated litigation against Alerton if the Dealership Agreement was not continued beyond July 31, 2016.

20.    The Dealership Agreement and the relationship between Alerton and ABC is not a franchise relationship under the laws of the states of Washington or Illinois including without limitation for the following reasons:

    a        ABC does not primarily sell or market products under the Alerton or Honeywell trademarked names;

    b.      ABC is a multi-manufacturer dealer of products.  ABC's website identifies over 35 "manufacturer affiliations."  *See* Exhibit A for a copy of a page from ABC's website;

    c.      ABC does not sell Alerton products pursuant to a specified marketing system or plan;

    d.      ABC did not pay a franchise fee to sell Alerton products;

    e        ABC recently told its customers in the Email that it was an Alerton "dealer," not a franchise, and that it preferred products from Alerton's rival, Distech; and

    f.      ABC admitted in previous litigation between the parties that it was not a

franchisee of Alerton products.  *See* <u>Exhibit F</u>, Order.

21.     Since the Dealership Agreement is not a franchise, Alerton is within its rights to terminate the agreement on July 31, 2016.  Alerton has not been able to calculate the damages that ABC has caused it by breaching the Dealership Agreement and the defamatory Email. Nonetheless, Alerton conservatively estimates that its damages are in the millions of dollars.

## COUNT I – DECLARATORY RELIEF

22.     Honeywell re-alleges each of the preceding paragraphs.

23.     Honeywell and ABC entered into the Dealership Agreement, which is a valid and binding contract supported by consideration.

24.     Honeywell is entitled to terminate the Dealership Agreement pursuant to Paragraph 8.a. of the Dealership Agreement.

25.     Honeywell terminated the Dealership Agreement by providing ABC with written notice of termination at least 60 days prior to the termination.

26.     ABC threatened to sue Honeywell on the basis that ABC claims it is an Alerton franchisee.

27.     ABC's position is inconsistent with the terms of the Dealership Agreement and with Washington and Illinois law.

28.     There is an actual controversy between the parties concerning whether Honeywell is entitled to terminate the Dealership Agreement pursuant to Paragraph 8.a. of the Dealership Agreement.

29.     Honeywell seeks and is entitled to a declaration by this Court that Honeywell is entitled to terminate the Dealership Agreement pursuant to Paragraph 8.a. of the Dealership Agreement.

## COUNT II – BREACH OF CONTRACT

30.     Honeywell re-alleges each of the preceding paragraphs.

31.     Honeywell and ABC entered into the Dealership Agreement, which is a valid and binding contract supported by consideration.

32.     Pursuant to the Dealership Agreement, ABC agreed to "[u]se its best efforts to promote the sale of, and provide quality service for, the Products throughout the Territory . . . ." Dealership Agreement at Paragraph 8.a.

33.     ABC breached the Dealership Agreement by, among other things, (a) selling outside of its Territory, (b) failing to timely pay for products ordered from Alerton, (c) failing to provide requested reports and information, (d) failing to meet performance objectives, and (e) making false statements about Alerton.

34.     Honeywell has been damaged by ABC's breach of the Dealership Agreement.

## COUNT III - DEFAMATION

35.     Honeywell re-alleges each of the preceding paragraphs.

36.     ABC has made false statements about Alerton, including in an email to ABC's customers.  Exhibit E.

37.     ABC made the false statements about Alerton with knowledge that the statements were not true.

38.     Honeywell has been damaged as a result of ABC's defamatory statements about the Alerton brand.

WHEREFORE, Alerton requests:

a       Declaratory judgment that the Dealership Agreement is terminated as of July 31, 2016, and ABC is not a franchise under the laws of the states of Washington or Illinois;

     b.       Damages in an amount to be determined by the Court as a result of ABC's breach of the Dealership Agreement;

     c.       Damages in an amount to be determined by the Court as a result of the defamatory statements made about the Alerton brand;

     d.       An award of attorneys' fees and costs; and

     e.       Such other relief as the Court deems just.

### JURY DEMAND

Plaintiff Honeywell International Inc. demands trial by jury.

Dated: June 29, 2016

By: /s/ *Kara B. Murphy*
     One of the Attorneys for Plaintiff

Louis S. Chronowski (No. 6269538)
(LChronowski@dykema.com)
Kara B. Murphy (No. 6309748)
(Kbmurphy@dykema.com)
Dykema Gossett PLLC
10 S. Wacker Drive
Suite 2300
Chicago, IL 60606
Telephone: (312) 876-1700
Facsimile: (312) 876-1155